**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| PAUL PARSHALL, Individually and On Behalf of All Others Similarly Situated, | ) ) ) |
| Plaintiff, | ) Case No. _____ ) |
| v. | ) JURY TRIAL DEMANDED ) |
| BUSINESS FIRST BANCSHARES, INC., ROBERT S. GREER, JR., LLOYD BENNY ALFORD, JOHN GRAVES, DAVID L. LAXTON III, ROLFE HOOD MCCOLLISTER, JR., ANDREW D. MCLINDON, DAVID R. MELVILLE III, PATRICK E. MOCKLER, DAVID A. MONTGOMERY, ARTHUR PRICE, FAYEZ K. SHAMIEH, JR., KENNETH W. SMITH, ROBERT V. YARBOROUGH, THOMAS EVERETT STEWART, JR., STEVEN G. WHITE, JACK E. BYRD, JR., N. JEROME VASCOCU, and PEDESTAL BANCSHARES, INC., | ) CLASS ACTION ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934**

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

**NATURE OF THE ACTION**

1.      This action stems from a proposed transaction announced on January 22, 2020 (the "Proposed Transaction"), pursuant to which Business First Bancshares, Inc. ("Business First" or the "Company") will merge with Pedestal Bancshares, Inc. ("Pedestal").

2.      On January 22, 2020, Business First's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger with

Pedestal (the "Merger Agreement").  Pursuant to the terms of the Merger Agreement, Pedestal will merge with and into Business First, with Business First surviving, and shareholders of Pedestal will receive 1.745 shares of Business First common stock for each share of Pedestal common stock they own.

3.      On March 4, 2020, defendants filed a proxy statement/prospectus with the United States Securities and Exchange Commission (the "SEC") in connection with the Proposed Transaction (the "Prospectus").

4.      The Prospectus, which recommends that Business First's stockholders vote to approve the Proposed Transaction at a special meeting scheduled for April 14, 2020, omits material information, which renders the Prospectus false and misleading.  Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Prospectus.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6.      This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7.      Venue is proper under 28 U.S.C. § 1391(b) because a portion of the transactions and wrongs complained of herein occurred in this District.

**PARTIES**

8.      Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of Business First common stock.

9.      Defendant Business First is a Louisiana corporation and a party to the Merger Agreement.  Business First's common stock is traded on the NASDAQ Global Select Market under the ticker symbol "BFST."

10.      Defendant Robert S. Greer, Jr. is Chairman of the Board of the Company.

11.      Defendant Lloyd Benny Alford is a director of the Company.

12.      Defendant John Graves is a director of the Company.

13.      Defendant David L. Laxton III is a director of the Company.

14.      Defendant Rolfe Hood McCollister, Jr. is a director of the Company.

15.      Defendant Andrew D. McLindon is a director of the Company.

16.      Defendant David R. Melville III is President, Chief Executive Officer, and a director of the Company.

17.      Defendant Patrick E. Mockler is a director of the Company.

18.      Defendant David A. Montgomery is a director of the Company.

19.      Defendant Art Price is a director of the Company.

20.      Defendant Fayez K. Shamieh, Jr. is a director of the Company.

21.      Defendant Kenneth W. Smith is a director of the Company.

22.      Defendant Robert V. Yarborough is a director of the Company.

23.      Defendant Thomas Everett Stewart, Jr. is a director of the Company.

24.      Defendant Steven G. White is a director of the Company.

25.      Defendant Jack E. Byrd, Jr. is a director of the Company.

26.     Defendant N. Jerome Vascocu is a director of the Company.

27.     The defendants identified in paragraphs 10 through 26 are collectively referred to herein as the "Individual Defendants."

28.     Defendant Pedestal is a Louisiana corporation and a party to the Merger Agreement.

## CLASS ACTION ALLEGATIONS

29.     Plaintiff brings this action as a class action on behalf of himself and the other public stockholders of Business First (the "Class"). Excluded from the Class are defendants herein and any person, firm, trust, corporation, or other entity related to or affiliated with any defendant.

30.     This action is properly maintainable as a class action.

31.     The Class is so numerous that joinder of all members is impracticable. As of November 1, 2019, there were approximately 13,277,803 shares of Business First common stock outstanding, held by hundreds, if not thousands, of individuals and entities scattered throughout the country.

32.     Questions of law and fact are common to the Class, including, among others, whether defendants will irreparably harm plaintiff and the other members of the Class if defendants' conduct complained of herein continues.

33.     Plaintiff is committed to prosecuting this action and has retained competent counsel experienced in litigation of this nature. Plaintiff's claims are typical of the claims of the other members of the Class and plaintiff has the same interests as the other members of the Class. Accordingly, plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class.

34.     The prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications that would establish incompatible standards

of conduct for defendants, or adjudications that would, as a practical matter, be dispositive of the interests of individual members of the Class who are not parties to the adjudications or would substantially impair or impede those non-party Class members' ability to protect their interests.

35.    Defendants have acted, or refused to act, on grounds generally applicable to the Class as a whole, and are causing injury to the entire Class.  Therefore, final injunctive relief on behalf of the Class is appropriate.

## SUBSTANTIVE ALLEGATIONS

*Background of the Company and the Proposed Transaction*

36.    Business First, through its banking subsidiary b1BANK, operates twenty-six banking centers in markets across Louisiana and Texas.

37.    b1BANK provides commercial and personal banking, treasury management, and wealth solutions services to small to midsize businesses and their owners and employees.

38.    On January 22, 2020, Business First's Board caused the Company to enter into the Merger Agreement with Pedestal.

39.    Pursuant to the terms of the Merger Agreement, Pedestal will merge with and into Business First, with Business First surviving, and shareholders of Pedestal will receive 1.745 shares of Business First common stock for each share of Pedestal common stock they own.

40.    According to the press release announcing the Proposed Transaction:

Business First Bancshares, Inc. ("Business First") (NASDAQ: BFST), the holding company for b1BANK, and Pedestal Bancshares, Inc. ("Pedestal") today jointly announced the signing of a definitive agreement under which Business First will acquire Pedestal and its wholly owned bank subsidiary, Pedestal Bank. On a pro forma basis as of December 31, 2019, the combined institution would have been the 3rd largest Louisiana-headquartered bank, with total assets of approximately $3.5 billion. . . .

Under the terms of the merger agreement, which has been unanimously approved by the board of each company, Pedestal's shareholders will receive cash

5

consideration of approximately $21.8 million, which will be in the form of a pre-closing, tax-free distribution to Pedestal's shareholders, and approximately 7.6 million shares of Business First's common stock. Following the completion of the transaction, former Pedestal shareholders will own approximately 36 percent of the combined company. Based on Business First's 20-day volume weighted average price of $24.88 as of January 21, 2020, the transaction is valued at approximately $211.2 million in the aggregate. The merger agreement contains customary representations and warranties and covenants by Pedestal and Business First, and is subject to customary closing conditions, including approval by Pedestal's and Business First's respective shareholders and the receipt of customary regulatory approvals. The transaction is expected to close as early as the second quarter of 2020.

Raymond James & Associates, Inc. acted as financial advisor to Business First and Alston & Bird, LLP acted as legal advisor to Business First. Stephens Inc. acted as financial advisor to Pedestal and Fenimore, Kay, Harrison & Ford, LLP acted as legal advisor to Pedestal.

### *The Prospectus Omits Material Information*

41.    Defendants filed the Prospectus with the SEC, which recommends that Business First's stockholders vote to approve the Proposed Transaction at a special meeting scheduled for April 14, 2020.

42.    As set forth below, the Prospectus omits material information with respect to the Proposed Transaction.

43.    First, the Prospectus omits material information regarding the analyses performed by the Company's financial advisor, Raymond James & Associates, Inc. ("Raymond").

44.    With respect to Raymond's Selected Companies Analysis, the Prospectus fails to disclose the individual multiples and metrics for the companies observed by Raymond in the analysis.

45.    With respect to Raymond's Selected Transactions Analysis, the Prospectus fails to disclose the individual multiples and metrics for the transactions observed by Raymond in the analysis.

46. With respect to Raymond's Discounted Cash Flow Analysis of Pedestal, the Prospectus fails to disclose: (i) Raymond's basis for applying multiples ranging from 12.0x to 14.0x; (ii) the terminal values for Pedestal and potential pro forma effects of the merger as used by Raymond in the analysis; and (iii) the individual inputs and assumptions underlying discount rates ranging from 12.5% to 14.5%.

47. When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

48. Second, the Prospectus omits material information regarding potential conflicts of interest of Raymond.

49. The Prospectus fails to disclose the amount of compensation Raymond has received and/or will receive for the services it provided to the Company that are unrelated to the Proposed Transaction.

50. The Prospectus fails to disclose the amount of Raymond's fee that is contingent upon the consummation of the Proposed Transaction.

51. Full disclosure of investment banker compensation and all potential conflicts is required due to the central role played by investment banks in the evaluation, exploration, selection, and implementation of strategic alternatives.

52. The omission of the above-referenced material information renders the Prospectus false and misleading, including, *inter alia*, the following sections of the Prospectus: (i) Background of the Merger; (ii) Business First's Reasons for the Merger; Recommendation of the Business First Board of Directors; and (iii) Opinion of Business First's Financial Advisor.

53.     The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

**Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Business First**

54.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

55.     The Individual Defendants disseminated the false and misleading Prospectus, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading. Business First is liable as the issuer of these statements.

56.     The Prospectus was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Prospectus.

57.     The Individual Defendants were at least negligent in filing the Prospectus with these materially false and misleading statements.

58.     The omissions and false and misleading statements in the Prospectus are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Prospectus and in other information reasonably available to stockholders.

59.     The Prospectus is an essential link in causing plaintiff and the Company's stockholders to approve the Proposed Transaction.

60.     By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

61.     Because of the false and misleading statements in the Prospectus, plaintiff and the Class are threatened with irreparable harm.

## COUNT II

**Claim for Violation of Section 20(a) of the 1934 Act
Against the Individual Defendants and Pedestal**

62.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

63.     The Individual Defendants and Pedestal acted as controlling persons of Business First within the meaning of Section 20(a) of the 1934 Act as alleged herein.  By virtue of their positions as officers and/or Board members of Business First and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Prospectus, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

64.     Each of the Individual Defendants and Pedestal was provided with or had unlimited access to copies of the Prospectus alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

65.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.  The Prospectus contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction.  They were thus directly involved in

the making of the Prospectus.

66.     Pedestal also had supervisory control over the composition of the Prospectus and the information disclosed therein, as well as the information that was omitted and/or misrepresented in the Prospectus.

67.     By virtue of the foregoing, the Individual Defendants and Pedestal violated Section 20(a) of the 1934 Act.

68.     As set forth above, the Individual Defendants and Pedestal had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act.  As a direct and proximate result of defendants' conduct, plaintiff and the Class are threatened with irreparable harm.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A.     Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B.     In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C.     Directing the Individual Defendants to disseminate a Prospectus that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D.     Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E.     Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F.     Granting such other and further relief as this Court may deem just and proper.

## **JURY DEMAND**

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: March 27, 2020                    **RIGRODSKY & LONG, P.A.**

                                         By:  */s/ Gina M. Serra*
                                              Brian D. Long (#4347)
**OF COUNSEL:**                               Gina M. Serra (#5387)
                                              300 Delaware Avenue, Suite 1220
**RM LAW, P.C.**                              Wilmington, DE 19801
Richard A. Maniskas                           Telephone: (302) 295-5310
1055 Westlakes Drive, Suite 300               Facsimile: (302) 654-7530
Berwyn, PA 19312                              Email: bdl@rl-legal.com
Telephone: (484) 324-6800                     Email: gms@rl-legal.com
Facsimile: (484) 631-1305
Email: rm@maniskas.com                        *Attorneys for Plaintiff*

11